UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KATHRYN VINCENT, an individual,

    Plaintiff,

v.

REACH HOLDINGS, LLC, a Michigan limited liability company,

    Defendant.

Case No.
Hon.

_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Reach Holdings, LLC ("Defendant" or "Reach"), through this Notice of Removal, hereby remove this action from the Washtenaw County Circuit Court to the United States District Court for the Eastern District of Michigan. The grounds for removal of this action are as follows:

### Compliance with Statutory Requirements

1. On October 26, 2021, Plaintiff Kathryn Vincent ("Plaintiff") commenced this action by filing a Complaint in the Washtenaw County Circuit Court, styled *Vincent, Kathryn, v. Reach Holdings, LLC*, Case No. 2021-001167-CD, assigned to the Honorable Patrick J. Conlin, Jr.

2. On November 23, 2021, Defendant received a copy of the Complaint, and Summons (Exhibit A).

1

3. Pursuant to 28 U.S.C. § 1446(b), Defendant filed this Notice of Removal within 30 days of November 23, 2021, the date Defendant first received a copy of the Complaint.

4. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the Washtenaw County Circuit Court, on January 22, 2021 (Complaint, Exhibit A), together with the Summons (Exhibit B) are filed herewith. Defendant has not served or been served with any other process, pleadings, or orders in this action.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal of the action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Washtenaw County Circuit Court.

## Intradistrict Assignment

6. Plaintiff filed this case in the Washtenaw County Circuit Court. Defendant Reach Holdings, LLC, has its principal place of business in Ann Arbor, Michigan. According to the Complaint, Plaintiff is "a resident of the City of Ypsilanti, County of Washtenaw, State of Michigan." (Exhibit A, ¶ 1). Therefore, this case may properly be removed to the United States District Court for the Eastern District of Michigan. 28 U.S.C. § 1441(a).

7. Venue in this Court is proper under 28 U.S.C. § 1391 because Washtenaw County, Michigan, is located within the Eastern District of Michigan, Southern Division.

### Jurisdiction

8. This Court has removal jurisdiction based on Federal Question Jurisdiction because the sole count in the Complaint arises under the laws of the United States pursuant to 28 U.S.C. § 1331. Count I is for "Violation of the American With Disabilities Act of 1990 and the PWDCRA." Plaintiff cited to both the Americans with Disabilities Act of 1990 ("ADA," 42 U.S.C. § 12101, *et seq.*) and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA," MCL § 37.1191, *et seq.*) (Exhibit A, ¶ 15, 16, 19, 20, and 23).

9. Plaintiff's claim under the PWDCRA is identical to its claim under the ADA and arises from the same common nucleus of operative facts and is so intertwined with and related to Plaintiff's federal claim that it forms part of the same case or controversy as the federal claim over which this Court has original jurisdiction.

10. This Court has supplemental jurisdiction over the state law claim in this case pursuant to 28 U.S.C. § 1367(a).

11. Defendant's Statement of Disclosure of Corporate Affiliations and Financial Interest is being filed contemporaneously herewith.

12. In filing this Notice of Removal, Defendant expressly reserves and does not waive any defenses or objections to Plaintiff's Complaint, including but not limited to failure to state a claim upon which relief may be granted.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this case proceed in this Court as an action properly removed from the Washtenaw County Circuit Court.

Respectfully submitted,

**JOELSON ROSENBERG, PLC**

Dated: December 13, 2021

By:*/s/ Peter W. Joelson*
Peter W. Joelson (P51468)
Attorneys for Defendant
30665 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
(248) 855-2233
(248) 855-2388 (Fax)
pwj@jrlawplc.com
ewarren@jrlawplc.com

# **EXHIBIT A**

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>22nd   JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>21-001167-CD<br>JUDGE PATRICK J. CONLIN, JR. |

**Court address**
101 E Huron St, Ann Arbor, MI 48104

**Court telephone no.**
(734) 222-3001

| Plaintiff's name(s), address(es), and telephone no(s).<br>Kathryn Vincent | v | Defendant's name(s), address(es), and telephone no(s).<br>Reach Holdings LLC |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Batey Law Firm, PLLC
Scott P. Batey (P54711)
30200 Telegraph Rd., Suite 400
Bingham Farms, MI 48025

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date*<br>1/25/2022 | Court clerk<br>/s/ Spencer Tobias<br>October 26, 2021 |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)  **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

| SUMMONS |
|---|
| Case No. |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.

Signature

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR WASHTENAW COUNTY

KATHRYN VINCENT,

    Plaintiff,

v.

REACH HOLDINGS LLC,

    Defendant.

21-001167-CD
Case No. 21-   -CD

Hon. JUDGE PATRICK J. CONLIN, JR.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

**PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff, Kathryn Vincent, by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant, states as follows:

1. Plaintiff, Kathryn Vincent, is a resident of the City of Ypsilanti, County of Washtenaw and State of Michigan.

2. Defendant, Reach Holdings LLC (hereinafter "Defendant"), is a domestic limited liability company whose registered agent is Matthew Grabowski, and whose resident address is 871 W. Eisenhower Pkwy, Ann Arbor.

3. The events producing the original injury occurred in the County of Washtenaw and State of Michigan.

4. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in the County of Washtenaw.

5. Plaintiff brings this action for acts and/or omissions of Defendant consisting of the denial of public accommodations and services in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act, MCLA 37.1101, *et. seq.* (PWDCRA), which has resulted in mental, emotional and economic damages to Plaintiff.

**GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff is partially paralyzed with foot drop, which is a disability under the American with Disabilities Act and the Michigan Persons with Disabilities Civil Rights Act, MCLA 37.1101, *et. seq.* (PWDCRA), or was perceived by Defendant as a disability, as it substantially interferes with major life activities, including Plaintiff's ability to move freely without assistance.

8. As a result of her permanent disability, Plaintiff is confined to a wheelchair.

9. On or about April 29, 2021, Plaintiff visited Reach Bodywork Studio located at 871 W. Eisenhower Pkwy for her appointment.

10. Plaintiff was told that "Reach" cannot service her because she is in a wheelchair.

11. Defendant's employees refused to accommodate Plaintiff by providing her assistance in entering the office and moving around.

12. Plaintiff was unable to receive stretching services from Defendant as a result of its lack of accommodation.

13. Plaintiff's request was a reasonable accommodation for her disability under the ADA and the PWDCRA.

## COUNT I
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT OF 1990 AND THE PWDCRA

14. Plaintiff incorporates by reference paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15. Plaintiff has drop foot, which is a disability under the Americans with Disabilities Act of 1990 ("ADA") and the Michigan Persons with Disabilities Civil Rights Act, MCLA 37.1101, *et. seq.* (PWDCRA), and substantially interferes with major life activities, including her ability to move freely without assistance.

16. Pursuant to the ADA and the PWDCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge at a place of public accommodation, which includes Defendant's privately-owned stretching studio.

17. Plaintiff would have been able to receive stretching services had she received the reasonable accommodation of assistance in entering the office and moving around.

18. Defendant refused Plaintiff the reasonable accommodation of receiving stretching services from Defendant.

19. Defendant is a place of public accommodation within the meaning of the ADA. ADA § 12181(7)(B).

20. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA and PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees

21. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

   a. Violated the laws against discrimination by refusing to accommodate Plaintiff based exclusively upon her disability; and

   b. Prevented Plaintiff from having full and fair opportunities to receive stretching services based upon her disability.

22. Defendant owed Plaintiff, a disabled customer, a duty to adequately advise its employees to refrain from discriminating against customers.

23. Defendant owed Plaintiff, as a disabled individual, a duty to adequately advise its employees to adequately accommodate her disability, and implement training to ensure that officers appropriately accommodate under the ADA and PWDCRA.

24. As a direct and proximate result of Defendant's discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability, Plaintiff has sustained injuries including, but not limited to:

   a. Economic damages;

   b. Mental anguish;

   c. Fright;

   d. Shock;

   e. Embarrassment;

5

    f. Outrage;

    g. Anxiety;

    h. Emotional distress;

    i. Loss of self-esteem; and

    j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: October 20, 2021

FILED IN Washtenaw County Trial Court; 10/26/2021 9:54 AM

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR WASHTENAW COUNTY

KATHRYN VINCENT,

    Plaintiff,

21-001167-CD
Case No. 21-    -CD

v.

Hon.  JUDGE PATRICK J. CONLIN, JR.

REACH HOLDINGS LLC,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

### DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Kathryn Vincent, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-phone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: October 20, 2021

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing Notice of Removal along with this Certificate of Service were electronically filed on December 13, 2021, with the Court's e-filing system, and served upon all parties and counsel via first class US Mail and email to:

BATEY LAW FIRM, PLLC
By: Scott P. Batey (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
(248) 540-6814 (fax)
sbatey@bateylaw.com

                                        */s/ Emily R. Warren*
                                          Emily R. Warren