UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KATHRYN VINCENT, an individual,

    Plaintiff,

v.

REACH HOLDINGS, LLC, a Michigan limited liability company,

    Defendant.

Case No. 21-cv-12908
Hon. Laurie J. Michelson

_____

## **ANSWER AND AFFIRMATIVE DEFENSES**

### **ANSWER**

NOW COMES Defendant Reach Holdings, LLC ("Defendant" or "Reach"), by and through its attorneys, Joelson Rosenberg, PLC, and for its Answer to Plaintiff Kathryn Vincent's Complaint states as follows:

1. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

2. Defendant denies the allegations in this paragraph as untrue. For further response, Defendant states that it is a Michigan limited liability company with its registered office mailing address at 2517 Hawthorne Road, Ann Arbor, Michigan 48104.

1

3. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs. Defendant denies causing any injury whatsoever.

4. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

5. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs. For further response, Defendant denies all allegations that it violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, or the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq.*, or that it caused damages of any nature to Plaintiff.

## **General Allegations**

6. Defendant incorporates by reference all of the foregoing responses as if fully restated herein.

7. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

8. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

9. In the manner and form alleged, Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

10. In the manner and form alleged, Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

11. In the manner and form alleged, Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

12. Defendant denies the allegations in this paragraph as untrue.

13. Defendant denies the allegations in this paragraph as untrue.

## COUNT I
## Violation of the Americans with Disabilities Act of 1990 and the PWDCRA

14. Defendant incorporates by reference all of the foregoing responses as if fully restated herein.

15. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

16. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs. For further response, Defendant states that this paragraph contains an inaccurate rendition of the Americans with Disabilities Act of 1990 and/or the PWDCRA. To the extent this paragraph contains allegations of wrongdoing on the part of Defendant, the same are denied as untrue.

17. Defendant denies the allegations in this paragraph as untrue.

18. Defendant denies the allegations in this paragraph as untrue.

19. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs.

20. Defendant denies the allegations in this paragraph as untrue.

21. Defendant denies the allegations in this paragraph as untrue.

22. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs. For further response, Defendant states that this paragraph contains an inaccurate rendition of the Americans with Disabilities Act of

1990 and/or the PWDCRA. To the extent this paragraph contains allegations of wrongdoing on the part of Defendant, the same are denied as untrue.

23. Defendant lacks sufficient knowledge or information upon which to base a response to this paragraph and so neither admits nor denies same and leaves Plaintiff to her strict proofs. For further response, Defendant states that this paragraph contains an inaccurate rendition of the Americans with Disabilities Act of 1990 and/or the PWDCRA. To the extent this paragraph contains allegations of wrongdoing on the part of Defendant, the same are denied as untrue.

24. Defendant denies the allegations in this paragraph as untrue.

WHEREFORE, Defendant respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice and award Defendant such other and further relief as is consistent with equity and good conscience.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant Reach Holdings, LLC ("Defendant" or "Reach"), by and through its attorneys, Joelson Rosenberg, PLC, and for its Affirmative Defenses to Plaintiff Kathryn Vincent's Complaint states as follows:

1. Plaintiff's Complaint is subject to dismissal for Plaintiff's failure to state a claim for which relief may be granted.

2. Plaintiff's Complaint is subject to dismissal, in whole or in part, for the reason that Plaintiff failed to sufficiently plead a cause of action in accordance with states and/or federal rules.

3. Plaintiff lacks the requisite standing to pursue her alleged claim.

4. Plaintiff's alleged request(s) for accommodation was not reasonable.

5. Plaintiff's claims are barred because a public accommodation is not required to provide services of a personal nature.

6. Plaintiff's claims are barred because the allegedly requested accommodation would be an undue burden to Defendant.

7. Plaintiff's claims are barred because the allegedly requested accommodation would be fundamentally alter the nature of the services provided by Defendant.

8. Plaintiff's claims are barred because the allegedly requested accommodation would present significant safety risks.

9. Plaintiff's claims are barred because the allegedly requested accommodation would interfere with the safe operation of Defendant's business and other legitimate safety requirements.

10. Plaintiff is not entitled to exemplary, punitive, compensatory, or monetary damages of any kind as none are permitted under the Americans with Disabilities Act of 1990.

11. Plaintiff is not entitled to punitive or exemplary damages as none are permitted under the PWDCRA.

12. Plaintiff has not suffered an actual injury due to Defendant's conduct.

13. Plaintiff's Complaint is subject to dismissal, in whole or in part, based upon the applicable statute of limitations and/or the doctrine of laches.

14. Plaintiff's Complaint is subject to dismissal for failure to plead a claim under the Americans with Disabilities Act of 1990 and/or the PWDCRA.

Defendant reserves the right to alter, amend or supplement these Affirmative Defenses at any time prior to trial in this matter.

Respectfully submitted,

**JOELSON ROSENBERG, PLC**

By:*/s/ Peter W. Joelson*
Peter W. Joelson (P51468)
Emily R. Warren (P76675)
Attorneys for Defendant
30665 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
(248) 855-2233
(248) 855-2388 (Fax)
pwj@jrlawplc.com
ewarren@jrlawplc.com

Dated: December 13, 2021

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Answer and Affirmative Defenses along with this Certificate of Service were electronically filed on December 13, 2021, with the Court's e-filing system, and served upon all parties and counsel via first class US Mail and email to:

BATEY LAW FIRM, PLLC
By: Scott P. Batey (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
(248) 540-6814 (fax)
sbatey@bateylaw.com

                                     */s/ Emily R. Warren*
                                      Emily R. Warren