UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KATHRYN VINCENT, an individual,

    Plaintiff,

v.

REACH HOLDINGS, LLC, a Michigan limited liability company,

    Defendant.

Case No. 21-cv-12908
Hon. Matthew F. Leitman
Mag. Judge David R. Grand

_____

**JOINT CASE MANAGEMENT REPORT/DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's February 10, 2022 Order (ECF No. 7), by and through their undersigned counsel, Plaintiff Kathryn Vincent ("Plaintiff") and Defendant Reach Holdings, LLC ("Defendant") jointly submit this Case Management Report/Discovery Plan.

    **1.**    **Related Cases**.   Plaintiff filed this case in the Washtenaw County Circuit Court (Case No. 2021-001167-CD).  Defendant removed the case to this Court on December 13, 2021, pursuant to the Notice of Removal (ECF No. 1).  There are no other related pending or adjudicated cases.

    **2.**    **Jurisdiction.**  The Court has subject-matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the Americans With Disabilities Act of 1990 ("ADA,"

1

42 U.S.C. § 12101, *et seq*.) as well as the Michigan Persons with Disabilities Civil Rights Act.

    **3.**    **Factual Summary.**

        **a.**    **Plaintiff's Position.** Plaintiff is partially paralyzed with foot drop, which qualifies as a disability under the American with Disabilities Act and the Michigan Persons with Disabilities Civil Rights Act, MCLA 37.1101, *et. seq.* (PWDCRA) and substantially interferes with major life activities, including Plaintiff's ability to move freely without assistance of a wheelchair. Om April 29, 2021, Plaintiff visited Reach Bodywork Studio for her appointment. When she arrived, Plaintiff was told that "Reach" cannot service her because she was in a wheelchair. Defendant's employees refused to accommodate Plaintiff by providing her assistance in entering the office and moving around. As a result of providing Plaintiff with a reasonable accommodation Plaintiff was denied public services and the ability to be stretched.

        **b.**    **Defendant's Position.** Defendant Reach Holdings, LLC, operates Reach Bodywork Studio, which provides one-on-one assisted myofacscial stretching services to its clients. Defendant does not employ physicians, physical therapists, chiropractors, or other medical professionals of any kind. Plaintiff alleged in her complaint that she visited Defendant on April 29, 2021, and was illegally refused services solely because she is in a wheelchair. The ADA does not

require places of public accommodation to provide "personal services," equipment, or personal assistance to persons with disabilities. The ADA does not require Defendant to provide assistance with entering and moving around its facility or assisting a person in and out of a wheelchair, which can be physically dangerous for all involved and requires specialized training that Defendant's employees do not have and are not required to have. Providing active stretching services to Plaintiff would interfere with the safe operation of Defendant's business. There is an actual risk that providing active stretching services to Plaintiff (who represented that she has nerve damage and paralysis) presents a legitimate safety risk. Based on Plaintiff's representations, providing the accommodation and assistance that she would require to receive Defendant's services would present legitimate safety risks to Plaintiff and Defendant's employees, and would fundamentally alter the essential nature of Defendant's services, which require physical participation and movement of the client.

**4.     Legal Issues.**

    **a.     Plaintiff's Position.**  Plaintiff will establish that she was eligible under the ADA and PWDCRA and that she requested a reasonable accommodation which Defendant refused.

    **b.     Defendant's Position.**  Defendant asserts that it did not violate the ADA or PWDCRA by declining to provide active myofascial stretching services

3

to Plaintiff based on her representations that she has "drop foot," is partially paralyzed, and has existing nerve damage. Legal issues include which exceptions to the ADA apply to Defendant and its services, including: the ability to establish necessary eligibility criteria (42 U.S.C. § 12182(b)(2)(A)(i); Plaintiff's required accommodations are not reasonable (42 U.S.C. § 12182(b)(2)(A)(ii); and Defendant is not required to provide personal devices or services under 28 C.F.R. § 36.306.

**5. Amendment of Pleadings.** The parties do not anticipate amending their pleadings.

**6. Discovery.**

    **a. Summary of Discovery.** The parties anticipate conducting written discovery, depositions of parties/party representatives, and potentially expert witnesses. The parties anticipate they will need six months to complete fact discovery, and three months to complete expert discovery. The parties do not anticipate any discovery disputes at this time. The parties propose the following schedule:

| | |
|---|---|
| Initial Disclosures Due: | March 18, 2022 |
| Witness List Disclosures Due: | June 17, 2022 |
| Expert Disclosures Due: | October 17, 2022 |
| Fact Discovery Ends: | September 16, 2022 |
| Expert Discovery Ends: | December 16, 2022 |

   Dispositive Motions Due:    January 20, 2022

   **b.**  **Initial Disclosures.**  The parties will exchange initial disclosures on March 18, 2022.

   **c.**  **Changes to Discovery Rules.**  The parties do not believe any changes to the discovery rules are necessary.

   **d.**  **Protective Order.**  A protective order may be necessary due to the disclosure of Plaintiff's medical information and Defendant's business information.  The parties expect to stipulate to entry of a protective order.

  **7.**  **Electronic Discovery.**  The parties do not anticipate extensive electronic discovery to be necessary in this case beyond discovery of emails or text messages.  Document production shall occur by email or secure online file sharing to the fullest extent possible.  Undersigned counsel discussed and agreed on the disclosure and preservation of electronically stored information ("ESI") and the protection of confidential information, including social security numbers pursuant to Fed. R. Civ. P. 5.2.  The parties agree to be bound by this District's standard ESI order.

   **a.**  **ESI to be Preserved**.  The parties will preserve their emails, text messages, or other electronic communications, and documents/records stored in electronic format.

  **b.** **Form of Production.** ESI will be produced in native format where practical. Emails may be produced in native format or PDF.

  **c.** **ESI Limitations.** ESI discovery should be limited to the parties and their respective agents/representatives.

  **d.** **Search Terms/Methods to Identify Responsive Materials.** Defendant will search its records for responsive materials using Plaintiff's name. The parties may agree on additional search terms if necessary.

**8.** **Settlement.**

  **a.** **Plaintiff's position.** Plaintiff is willing to engage in settlement discussions at any time.

  **b.** **Defendant's Position.** Defendant is willing to engage in settlement discussions and in mediation/facilitation before or after discovery. Defendant is not interested in Case Evaluation. Defendant is interested in a settlement conference with a Magistrate Judge. Records related to Plaintiff's medical condition(s) would be most helpful in evaluating the likelihood of settlement.

**9.** **Consent.** The parties do not consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings.

10. **Trial.** This will be a jury trial. The parties anticipate the length of trial to be 5 full days. The parties can be ready for trial within four months after the close of expert discovery.

11. **Miscellaneous.** None.

Respectfully submitted,

| For Plaintiff Kathryn Vincent | For Defendant Reach Holdings, LLC |
|---|---|
| BATEY LAW FIRM, PLLB | JOELSON ROSENBERG, PLC |
| By: /s/Scott P. Batey<br>Scott P. Batey (P54711)<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, MI 48025<br>(248) 540-6800<br>(248) 540-6814 (fax)<br>sbatey@bateylaw.com | By: /s/ Peter W. Joelson<br>Peter W. Joelson (P51468)<br>Emily R. Warren (P76675)<br>30665 Northwestern Hwy, Suite 200<br>Farmington Hills, MI 48334<br>(248) 626-9966<br>(248) 855-2388 (fax)<br>pwj@jrlawplc.com<br>ewarren@jrlawplc.com |

Dated:  March 15, 2022

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Joint Case Management Report/Discovery Plan along with this Certificate of Service were electronically filed on March 15, 2022, with the Court's e-filing system, and served upon all parties and counsel via the Court's e-filing system.

*/s/ Sarah Wenz*
Sarah Wenz